UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

SCOTT PAUL GANDT,

           Plaintiff,

    v.                                    Case No. 23-C-936

KATHERYN WEGNER,

           Defendant.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Scott Paul Gandt, who is currently serving a state prison sentence at Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.85. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

Plaintiff alleges that Defendant Katheryn Wegner violated a verbal agreement under which she agreed to give Plaintiff the money she had received on his behalf from Edwards Jones Trust Inc., totaling approximately $350,000. He claims that there were witnesses to the agreement, including his attorney from Menn Law Firm in Appleton, Wisconsin, and his old landlord. Plaintiff alleges that, although Defendant started making payments to Plaintiff in cash and cashier's checks totaling $100,000, she began making excuses and stopped making payments.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). A federal court cannot hear an action if it lacks subject matter jurisdiction, established through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. The plaintiff has the burden to prove that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff asserts that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where there is complete diversity of citizenship among the parties to the action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff asserts that both he and Defendant are citizens of Wisconsin. In particular, Plaintiff alleges that he is a citizen of Wisconsin and is located at Oak Hill Corrections in Oregon, Wisconsin. Although a plaintiff's place of incarceration is irrelevant to the citizenship analysis, *see Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002), it appears Plaintiff was a citizen of Wisconsin prior to his incarceration. Plaintiff has not demonstrated domicile (and in turn citizenship) outside of Wisconsin. Based on this record, the court concludes that complete diversity is lacking. As a result, this court has no subject matter jurisdiction over Plaintiff's claims.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $347.15 balance of the filing fee by collecting monthly

2

payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 15th day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.